## ALFRED WELLINGTON and another *v.* THE MERCHANTS' INSURANCE COMPANY OF NEW ORLEANS.

To render one of the original parties to a policy of insurance, alleged to have assigned all his interest therein for the benefit of his creditors, competent as a witness for the other insurers in an action on the policy, the acceptance of the assignment by all the creditors must be proved, where the assignment, stipulating the release of the debtor, is not so manifestly for their benefit, that their acceptance can be presumed. Nor will such a witness be rendered competent by the execution, in open court, of an instrument abandoning all his interest in the policy for the benefit of his creditors. *Per Curiam :* He is still interested that the creditors who have not released him should receive a part of the amount sued for ; and he cannot release himself.

APPEAL from the Commercial Court of New Orleans, *Watts,* J.

BULLARD, J. The plaintiffs sue upon a policy of insurance against fire, taken out by A. & G. H. Wellington & Co. on their stock of goods, consisting of a general assortment of groceries, oils, liquors, &c., being either on own account, on commission, or held in trust, contained in a brick store occupied by the assured, situated No. 44 New Levée street, Second Municipality. They allege a loss by fire to the amount of $25,000, of which they gave due notice, and exhibited proper preliminary proof, and they sue for the amount insured by the defendants, to wit, $7,500.

The defendants admit that they subscribed the policy, but they deny all the other allegations in the petition. They say especially that, even if the said plaintiffs were entitled to any relief under and by virtue of the policy, which they deny, yet such right would have been forfeited by reason of this, which they specially aver, to wit, that the said plaintiffs have been guilty of fraud in demanding of this company an amount far beyond any loss or damage actually sustained by the said plaintiffs ; and that said excessive demand and over estimate were made knowingly, and with intent to defraud the defendants. They aver that the conduct of the plaintiffs both before and since the alleged conflagration was fraudulent. They say also that if the respondents should be condemned at all, they should receive the benefit of the fact of any other insurance having been effected on said property, if any there were. They deny the perform-

ance of all and singular the conditions of the policy, and the verity of the representations therein contained.

The plaintiffs recovered in the court below the amount demanded, and the defendants appealed.

Under the pleadings, and all the circumstances disclosed in this case, the judge of the Commercial Court gave judgment for the plaintiffs with evident hesitancy and reluctance ; and this, among other reasons, has induced us to look particularly into the evidence, especially as it relates to the amount of the merchandize really destroyed, it being distinctly alleged that the plaintiffs have been guilty of fraud in demanding an amount far beyond what they really lost. This defence rests upon the 9th article of the policy, which requires of the assured to deliver a particular account of losses or damage, signed with their hands, and verified by their oath, and, if required, by their books of account and other proper vouchers, &c. ; " and if there appears any fraud or false swearing, the claimant shall forfeit all claim by virtue of the policy."

The evidence on this point is not entirely satisfactory to this court, especially as we are of opinion that Elbridge G. Wellington, one of the original parties to the policy, was not shown to be a competent witness, and that the bill of exceptions taken to the ruling of the court in admitting him to be sworn, was well taken. The acceptance of the assignment is not sufficiently proved, and the renunciation executed by the witness in open court on the 31st of May, 1843, abandoning all interest in the policy for the benefit of his creditors, and those of Stevens & Wellington, does not show that he was without interest. He has an interest that those creditors who have not given him a release should receive a part of the loss, to be recovered in this case of the underwriters, and he cannot release himself. The assignment is not of such a character, so manifestly for the benefit of the creditors, as that their assent may be presumed.*

As we have come to the conclusion that justice requires this case to be remanded, we abstain from any commentary upon the evidence given on the first trial.

*The assignment, among other stipulations, provided for the release of the debtor.

NEW ORLEANS,

The judgment of the Commercial Court is, therefore, reversed; and it is further ordered, that the case be remanded for a new trial with directions to the judge not to admit E. G. Wellington as a witness, without sufficient legal evidence of his interest having been released, and not to admit the assignment without like evidence of its execution and acceptance; and that the plaintiffs pay the costs of the appeal.

*Peyton, I. W. Smith* and *L. C. Duncan*, for the plaintiffs.

*T. Slidell*, for the appellants.